IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NAKEISHIA POULTON,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S DISCOVERY MOTION<br><br>Case No. 2:18-cv-00957-TS-CMR<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff NaKeishia Poulton's Motion to Quash Notice of Deposition (ECF 19). This motion relates to Defendant Wal-Mart's Notice of Deposition Under Rule 30(b)(6) setting the deposition of Plaintiff[1] for December 11, 2019. Plaintiff seeks to quash the notice on the ground that Defendant did not "give reasonable written notice" as required by Federal Rule of Civil Procedure 30. Plaintiff argues that mailing the notice on November 26, 2019 and setting the deposition on December 11, 2019—two days before the fact discovery deadline—without prior consultation with Plaintiff was unreasonable.

Plaintiff's motion is a short form discovery motion seeking expedited resolution of a discovery dispute under Fed. R. Civ. P. 30. Plaintiff's motion fails to comply with the certification requirements for short form discovery motions. Under Local Rule 37-1, "[t]he parties must make reasonable efforts without court assistance to resolve a dispute arising under Fed. R. Civ. P. 26–37 and 45." DUCivR 37-1(a)(1). Local Rule 37-1 further provides:

---

[1] In the motion, Plaintiff refers to the deposition at issue as being taken of Plaintiff and of "Podfitness" interchangeably.

> The Short Form Discovery Motion must include a certification that the parties made reasonable efforts to reach agreement on the disputed matters and recite the date, time, and place of such consultation and the names of all participating parties or attorneys.

DUCivR 37-1(a)(4). "At a minimum, those efforts include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure/request(s) at issue, the response(s) thereto, and specifying why those responses/objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, with alternative dates and times to do so." DUCivR 37-1(a)(1).

Here, Plaintiff has failed to demonstrate that reasonable efforts were made to reach an agreement on Defendant's notice of deposition. Plaintiff describes and attaches email communications with Defendant regarding its efforts several months ago to select a date for the deposition. However, Plaintiff provides no evidence in its motion of any recent communications with Defendant specifying why its notice of deposition was unreasonable or inadequate. The court is not persuaded that past efforts to set a deposition date were sufficient in this case to meet Plaintiff's obligations under Local Rule 37-1 to make reasonable efforts to reach an agreement with Defendant about its notice of deposition before filing a motion with the court to quash it. The court reminds both parties of their obligation to comply with the meet-and-confer requirements of Local Rule 37-1 before filing a short form discovery motion.

Accordingly, Plaintiff's motion is DENIED without prejudice.

DATED this 9 December 2019.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah